UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENZER BELL,

                Plaintiff,

-against-

DANIEL H. PLANTE a/k/a DANIEL PLANTE;
LORIANN A. PLANTE; LINDSEY TAYLOR
PLANTE; DAN'S DETAILING; and "ABC
CORPORATIONS 1-21" BEING UNKNOWN,
AND FICTITIOUS AT THIS TIME,

                Defendants.

20-CV-4598 (JGK)

ORDER OF SERVICE

---

JOHN G. KOELTL, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under both the Court's federal-question and diversity jurisdiction, and he seeks damages. By order dated July 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

**A.    Service on Daniel H. Plante a/k/a Daniel Plante; Loriann A. Plante; Lindsey Taylor Plante; and Dan's Detailing**

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Daniel H. Plante a/k/a Daniel Plante; Loriann A. Plante; Lindsey Taylor Plante; and Dan's Detailing through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Doe Defendants**

Because Plaintiff does not make any allegations against the Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the Doe Defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Daniel H. Plante a/k/a Daniel Plante; Loriann A. Plante; Lindsey Taylor Plante; and Dan's Detailing, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 9, 2020
         New York, New York

                                                    /s/ John G. Koeltl
                                                    JOHN G. KOELTL
                                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Daniel H. Plante a/k/a Daniel Plante
   6979 Idlewylde Circle West
   Melbourne, Florida 32904

2. Loriann A. Plante
   6006 Newbury Circle
   Melbourne, Florida 32940

3. Lindsey Taylor Plante
   6006 Newbury Circle
   Melbourne, Florida 32940

4. Dan's Detailing
   6006 Newbury Circle
   Melbourne, Florida 32940