UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RENZER BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-04598-JGK |
| | ) | |
| DANIEL H. PLANTE, a/k/a | ) | |
| DANIEL PLANTE, | ) | |
| LORIANN A. PLANTE, | ) | |
| LINDSEY TAYLOR PLANTE, | ) | |
| DAN'S DETAILING, and | ) | |
| "ABC CORPORATIONS 1-21" | ) | |
| being unknown, | ) | |
| and fictitious at this time, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO DISMISS THE COMPLAINT
## PURSUANT TO THE STATUTE OF LIMITATIONS AND
## <u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), 12(b)(6), and 12(h)(3)</u>

Andrew C. Searle
**SEARLE LAW, P.A.**
*Attorney for Defendants Daniel H. Plante,*
*Loriann Plante, Lindsey Taylor Plante, &*
*Dan's Detailing*
New York Bar No.  4495149
Florida Bar No. 0116461
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: (407) 203-3715
Email: Andrew@Searle-Law.com

## TABLE OF CONTENTS

**Contents**                                                                                       **Page**

Table of Contents...............................................................................................................i

Table of Authorities........................................................................................................iii

Preliminary Statement.......................................................................................................1

Nature of Case...................................................................................................................2

Legal Standard...................................................................................................................3

Legal Argument................................................................................................................10

Point I...............................................................................................................................10

The Defendants Are Not Subject to Personal Jurisdiction in the State Of New York..................10

Point II.............................................................................................................................12

The First, Second, and Third Causes of Action Are Barred By the
Relevant Statutes of Limitations.....................................................................................12

Point III............................................................................................................................13

The Complaint Must Be Dismissed Because Plaintiff Has Failed
to State a Cause of Action Against Defendants...............................................................13

    1.   *Breach of Contract Claims*.......................................................................................13

    2.   *RICO Claim*...............................................................................................................14

        A.    *Enterprise*..................................................................................................14

        B.    *Conduct*.......................................................................................................16

        C.    *Pattern*........................................................................................................17

        D.    *Continuity*..................................................................................................20

    3.   *Fraud In The Inducement Claim*............................................................................21

Point IV.............................................................................................................................22

The Complaint Must Be Dismissed Because the Court Lacks Subject Matter Jurisdiction..........22

Point V...............................................................................................................................22

The Complaint Should Be Dismissed as "Factually Frivolous" and Plaintiff
Should Not Be Permitted to Replead..............................................................................22

Conclusion..........................................................................................................................23

Certificate of Compliance..................................................................................................24

Certificate of Service.........................................................................................................25

## TABLE OF AUTHORITIES

*Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 156–57 (1987)..............7, 12

*Ally v. Sukkar*, 128 F. App'x 194 (2d Cir. 2005)...........................................................................8

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)...........................................................................8

*Arutyunyan v. F.B.I. of N.Y.*,
   No. 17-CV-5009(AMD), 2017 WL 6611321 (E.D.N.Y. Oct. 18, 2017)..............................6, 22

*Ashcroft v. Iqbal, 556 U.S. 662 (2009)*...................................................................................5

*Atkins v. Apollo Real Estate Advisors, L.P.*,
   No. CV-05-4365 (CPS)(CLP), 2008 WL 1926684 (E.D.N.Y. Apr. 30, 2008)........................15

*AVRA Surgical Robotics, Inc. v. Gombert, 41 F.Supp. 3d 350 (S.D.N.Y. 2014)*............................4

*Behette v. Saleeby*, 842 F.Supp. 657 (S.D.N.Y. 1994).....................................................................7

*Bell v. United Auto Group. Inc.*,
   No. 05–2262(FLW), 2006 WL 231572 (D.N.J. Jan. 30, 2006)...................................................13

*Bell v. Gordon*, No. 05-CV-2163(NRB), 2005 WL 2087822 (S.D.N.Y. Aug. 30, 2005).............13

*Bell v. Hesser*, No. 4:CV-05-1825, 2006 WL 1455749 (M.D. Pa., May 23, 2006)....................13

*Bell v. Hubbert*, No. 95–CV–10456, 2007 WL 60513 (S.D.N.Y. Jan. 8, 2007)....................13, 21

*Bell v. Koss*,
   No. 17-CV-7762(AT), 2020 WL 4570439 (S.D.N.Y. Aug. 7, 2020)........................................11

*Bell v. Manhattan Motorcars, Inc.*,
   No. 06CV4972GBD, 2008 WL 2971804 (S.D.N.Y. Aug. 4, 2008)............................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).........................................................................5

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007)..........................................................3

*Boyle v. United States*, 556 U.S. 938, 945 (2009).......................................................................14

*Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13 (2d Cir. 1996)................................9

*Carnegie Mellon University v. Cohill*, 484 U.S. 343 (1988)...........................................................9

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229 (2d Cir. 1999)...................20, 21

*Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)....................................................3, 4

*DeFalco v. Bernas*, 244 F.3d 286 (2d Cir. 2001).........................................................17

*Denton v. Hernandez*, 504 U.S. 25 (1992).............................................................5, 22

*DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)...................15

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013)...................................3

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 552 (2005)............................................8

*Fargas v. Cincinnati Mack*, LLC, 986 F.Supp. 2d 420 (S.D.N.Y. 2013)....................................12

*Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir. 1990)........................................................6

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004)..................14, 15

*Flexborrow LLC v. TD Auto Finance LLC*, 255 F.Supp. 3d. 406 (E.D.N.Y. 2017).....................16

*Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*,
582 F.3d 393, 397 (2d Cir. 2009)........................................................................8

*GlaxoSmithKline LLC v. Laclede, Inc.*,
No. 18-CV-4945 (JMF), 2019 WL 293329 (S.D.N.Y. Jan. 23, 2019)..................................3, 10

*Goldfine v. Sichenzia*, 118 F.Supp. 2d 392 (S.D.N.Y. 2000)...........................................7, 15

*Grace v. Rosenstock*, 228 F.3d 40 (2d Cir. 2000)............................................................9

*Gucci Am., Inc. v. Li*, 768 F.3d 122 (2d Cir. 2014)..........................................................4

*H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)........................................................20

*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011) .......................................8

*In re Merrill Lynch P'ship Litig.*, 154 F.3d 56 (2d Cir. 1998)......................................7, 12

*Jenkins v. Sea–Land Service, Inc.*,
No. 92 CV 2380(PKL), 1993 WL 33406 (S.D.N.Y. Feb. 4, 1993)...........................................7

*Johnson v. Nextel Commu'ns, Inc.*, 660 F.3d 131 (2d Cir. 2011)...............................9, 21

*Jonas v. Estate of Leven*, 116 F.Supp. 3d 314 (S.D.N.Y. 2015)......................................3, 10

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996).....................................6

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990).......4, 10

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013).................4, 10

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 119 (2d Cir. 2013).........................14

MacDermid, Inc. v. Deiter, 702 F.3d 725 (2d Cir. 2012)..................................................................3

*Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014).........................................................4, 11

*Menasco v. Wasserman*, 886 F.2d 681 (4th Cir. 1989)...................................................................20

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991)...............................................................6

*Moss v. Morgan Stanley Inc.*, 719 F.2d 5 (2d Cir. 1983)..................................................................6

*Neitzke v. Williams*, 490 U.S. 319 (1989)........................................................................................5

*Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014)...................................................................................5

*Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30 (2d Cir. 2010)..............................................3

*Perlman v. Zell*, 185 F.3d 850 (7th Cir. 1999)................................................................................21

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007)...............................................................5

*Purchase Real Estate Grp., Inc. v. Jones*,
     No. 05-CV-10859, 2010 WL 3377504 (S.D.N.Y. Aug. 24, 2010)..............................................7

*Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*, 160 F.Supp. 2d 36 (D.D.C. 2001).............19

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)................................................................................16

*Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91 (2d Cir. 1997)......................................20

*Schmidt v. Fleet Bank*, 16 F.Supp.2d 340 (S.D.N.Y. 1998)..............................................................6

*Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101 (2d Cir. 2010) ...................................4

*Sedima v. Imrex*, 473 U.S. 479 (1985)...........................................................................................20

*Shams v. Fisher*, 107 F.Supp.2d 266 (S.D.N.Y. 2000).............................................................7, 19

*Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221 (2d Cir. 2014)................................3

*Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013)........................7

*S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629 (2d Cir. 1996)...................19

*The Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Invs. Ltd.,*
   154 F.Supp. 2d 682 (S.D.N.Y.2001)............................................................6, 22

*United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715 (1966) ......................................8

*United States v. Autuori*, 212 F.3d 105 (2d Cir. 2000).................................................18

*United States v. Bouyea*, 152 F.3d 192 (2d Cir. 1998).................................................19

*United States v. Cotton*, 535 U.S. 625 (2002)............................................................8

*United States v. Turkette*, 452 U.S. 576 (1981)..........................................................14

*Wall v. CSX Transp., Inc.*, 471 F.3d 410 (2d Cir. 2006).......................................9, 10, 22

*Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F.Supp. 276 (S.D.N.Y. 1991)....................................19

## Statutes and Regulations

18 U.S.C. § 1961…...........................................................................passim

18 U.S.C. § 1962…................................................................................1, 6

28 U.S.C. § 1915…............................................................................5, 22

28 U.S.C. § 1331…............................................................................2, 8

28 U.S.C. § 1367…........................................................................8, 9, 22

Fed. R. Civ. P. 12(b)(1)...........................................................................1, 8

Fed. R. Civ. P. 12(b)(2).......................................................................passim

Fed. R. Civ. P. 12(b)(6).......................................................................passim

Fed. R. Civ. P. 12(h)(3).............................................................................1, 8

N.Y. C.P.L.R. § 301…..........................................................................4, 10

N.Y. C.P.L.R. § 302…..........................................................................4, 10

N.Y. U.C.C. § 2-725...................................................................................................................7, 12

## PRELIMINARY STATEMENT

Defendants Daniel H. Plante ("Daniel Plante"), Loriann A. Plante ("Loriann Plante"), Lindsey Taylor Plante ("Lindsey Plante"), and Dan's Detailing (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to the applicable statute of limitations, and Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(h)(3), of the Federal Rules of Civil Procedure, for an Order dismissing the Plaintiff's Complaint upon grounds that certain causes of action are time-barred, that the Court does not have personal jurisdiction over the Defendants, that the Plaintiff's Complaint fails to state a cause of action, and that the Court lacks subject matter jurisdiction over the pendent state law claims.

The Plaintiff's Complaint alleges two different claims of breach of contract and/or anticipatory repudiation, a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and fraud in the inducement.  The four causes of action all stem from a contract that the Plaintiff allegedly entered into with Defendant Daniel Plante.  The Defendants have insufficient jurisdictional contacts with the State of New York.  The alleged contract contains a forum selection clause designating New York as the appropriate venue for any disputes.  Doc. 2 at ¶¶ 2, 28-29 & at Ex. 7.  However, the Plaintiff's allegations fail to establish that Defendants Loriann Plante, Lindsey Plante, and Dan's Detailing agreed to subject themselves to the jurisdiction of this Court, as these Defendants were not a party to the alleged contract.  Moreover, Defendant Daniel Plante did not sign the alleged contract containing the forum selection.  Accordingly, the Complaint must be dismissed as the Court may not exercise personal jurisdiction over the Defendants.

Alternatively, the breach of contract claims and the alleged RICO violation set forth in the Plaintiff's Complaint are time-barred, based on a four-year statute of limitations.  Further, the

counts alleged in the Plaintiff's Complaint, including the RICO violation, are subject to dismissal because the Plaintiff has failed to properly plead the causes of action.  The only source of federal subject matter jurisdiction alleged by the Plaintiff is "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, by virtue of the alleged RICO violation.  Doc. 2 at ¶ 1.  Because the RICO count must be dismissed, no federal question provides jurisdiction over the remaining pendant claims, and this action must be dismissed in its entirety.  In sum, the Plaintiff's Complaint fails on a number of grounds.

## NATURE OF CASE

The Plaintiff  alleges that in May of 2016, Defendant Daniel Plante contracted with the Plaintiff to obtain the Plaintiff's right to purchase a high-end sport vehicle.  Doc. 2 at 5-6 & at Ex. 7.  In addition, the Plaintiff claims that the parties' contract gave the Plaintiff the option of tendering to Defendant Daniel Plante the Plaintiff's right to purchase a second high-end sport vehicle.  Doc. 2 at 6-7 & at Ex. 7.  The Plaintiff further alleges that the Defendants engaged in an end-around which allowed Defendant Daniel Plante to improperly purchase the vehicle directly from the dealership, instead of going through the Plaintiff, who purportedly hoped to act as a broker between the car dealership and the Defendant.  Doc. 2 at 7-11.  As a result of the aforementioned alleged conduct, the Plaintiff seeks approximately $653,020 in monetary damages from the Defendants, including both liquidated and punitive damages.  Doc. 2 at 29-30.

With regard to the RICO violation, the Plaintiff has attempted to allege that a husband, wife, and daughter were a RICO enterprise, and that a failed single automobile sale occurring over several days was a pattern of racketeering.  Lastly, the Plaintiff attempts to characterize the alleged failure to perform under contract as fraud in the inducement.   The Plaintiff's allegations with regard to RICO and fraud fail, as set forth below.

**LEGAL STANDARD**

On a 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Where the parties have not engaged in discovery, a plaintiff seeking to defeat a motion to dismiss based on the lack of personal jurisdiction need only make a prima facie showing that jurisdiction exists. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013). Moreover, on a 12(b)(2) motion, the Court must ". . .accept the allegations in the Complaint as true '**to the extent they are uncontroverted' by defendants' affidavits, 'which the district court may also consider**,' *see GlaxoSmithKline LLC v. Laclede, Inc.*, No. 18-CV-4945 (JMF), 2019 WL 293329, at *3 (S.D.N.Y. Jan. 23, 2019) (emphasis added); *see also MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727-28 (2d Cir. 2012). Further still, when the jurisdictional facts are in dispute, "**the district court may consider materials outside the pleadings, including affidavits and other written materials**." *Jonas v. Estate of Leven*, 116 F.Supp. 3d 314, 323 (S.D.N.Y. 2015) (emphasis added);

Personal jurisdiction is analyzed under a two-step inquiry. First, the Court must determine whether the exercise of personal jurisdiction is proper under the laws of the forum state—here, New York. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). If so, the Court must then determine "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution*." Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). Jurisdiction comports with due process if "the defendant has certain minimum contacts with the State such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (alterations, internal quotation marks, and citation omitted).

To establish personal jurisdiction under New York law, a plaintiff must demonstrate that the defendant "was 'present' and 'doing business' [in New York] within the meaning of [New York Civil Practice Law and Rules ("C.P.L.R.") ] § 301," or that the defendant "committed acts within the scope of New York's longarm statute, [C.P.L.R.] § 302." *Schultz v. Safra Nat'l Bank of New York*, 377 F. App'x 101, 102 (2d Cir. 2010) (summary order). In other words, the plaintiff must show that either general or specific jurisdiction exists. *See, e.g., AVRA Surgical Robotics, Inc. v. Gombert*, 41 F.Supp. 3d 350, 358 (S.D.N.Y. 2014).

Under C.P.L.R. § 301, a court may exercise general personal jurisdiction over any nondomiciliary defendant that is "engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction*." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks and citations omitted). To comport with due process, the defendant's contacts with New York must be "so 'continuous and systematic,' judged against [its] national and global activities, that it is 'essentially at home' in th[e] state." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler AG*, 571 U.S. at 139).

Under C.P.L.R. § 302(a)(1), a New York court can exercise specific personal jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1), so long as "the claim asserted ... arise[s] from that business activity." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (internal quotation marks and citation omitted).

In the Second Circuit, a forum selection clause is enforceable unless, inter alia, ". . . **its incorporation was the result of fraud or overreaching**." *Martinez v. Bloomberg LP*, 740 F.3d

211, 228 (2d Cir. 2014) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 392 (2d Cir. 2007) (internal quotation marks omitted) (emphasis added).

In evaluating a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).  In order to overcome a dismissal motion pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although a Plaintiff is not required to present "detailed factual allegations," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Thus, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555. A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]"  *Id.* at 570.  Further, a court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional."  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-328 (1989)) (quotation marks omitted); 28 U.S.C. § 1915(e)(2)(B)(i).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.  Further, "where it is clear from the face of the complaint that the Court does not have subject matter

jurisdiction over the complaint and the claims are frivolous . . . .  the plaintiff will not be afforded a chance to amend [his] complaint." *Arutyunyan v. F.B.I. of N.Y.*, No. 17-CV-5009(AMD), 2017 WL 6611321, at *2 (E.D.N.Y. Oct. 18, 2017).

The Civil RICO Act, 18 U.S.C. § 1962, provides a private cause of action for those injured by another's pattern of racketeering activity.  To plead a violation of the substantive RICO statute, a plaintiff must allege the existence of seven constituent elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing 18 U.S.C. § 1962(a)(c)); *The Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Invs. Ltd.*, 154 F.Supp. 2d 682, 690 (S.D.N.Y. 2001). Section 1961(1) sets forth various criminal violations defined by state and federal law that may constitute "racketeering activity" under Section 1962.  *See* 18 U.S.C. § 1961(1).

"In considering RICO claims, courts must attempt to achieve results 'consistent with Congress's goal of protecting legitimate businesses from infiltration by organized crime." *Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 346 (S.D.N.Y. 1998).  "Civil RICO is an unusually potent weapon-the litigation equivalent of a thermonuclear device."  *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).  "Because the 'mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996) (quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).  Stated another way, "[c]ourts look with particular scrutiny at

claims for a Civil RICO, given the statute's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies." *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *45 (E.D.N.Y. Sept. 7, 2013); *see also Purchase Real Estate Grp., Inc. v. Jones*, No. 05-CV-10859, 2010 WL 3377504, at *6 (S.D.N.Y. Aug. 24, 2010) (concluding particular scrutiny is required for Civil RICO claims to ensure that the RICO statute is used for the purposes intended by Congress") (quoting *Goldfine v. Sichenzia*, 118 F.Supp. 2d 392, 397 (S.D.N.Y. 2000)).

The RICO statute defines "racketeering activity" as comprising enumerated crimes, including mail fraud and wire fraud. 18 U.S.C. § 1961(1)(B). Unenumerated acts such as common law fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and conversion, are not "racketeering activities." *See, e.g., Shams v. Fisher*, 107 F.Supp.2d 266, 273 (S.D.N.Y. 2000); *Behette v. Saleeby*, 842 F.Supp. 657, 661 (S.D.N.Y. 1994); *Jenkins v. Sea–Land Service, Inc.*, No. 92 CV 2380(PKL), 1993 WL 33406, *5 (S.D.N.Y. Feb. 4, 1993).

Under New York law, the time afforded to a plaintiff to file an action for breach of contract is four years from the date of the breach, regardless of plaintiff's ignorance of the breach. *See* N.Y. U.C.C. § 2-725; *see also Bell v. Manhattan Motorcars, Inc.*, No. 06CV4972GBD, 2008 WL 2971804, at *2 (S.D.N.Y. Aug. 4, 2008) (*Bell I*). Further, although the RICO statute does not provide a specific statute of limitations, the Supreme Court has concluded that a four-year limitations period applies to Civil RICO actions. *See Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 156–57 (1987). The Second Circuit has held that the limitations period "begins to run when the plaintiff discovers or should have discovered the RICO injury." *In re Merrill Lynch P'ship Litig.*, 154 F.3d 56, 58 (2d Cir. 1998).

A plaintiff must establish that the district court has subject matter jurisdiction over the action.  *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although [the Second Circuit] construe[s] a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (internal citations omitted); *see also* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction, and cannot preside over cases unless they have subject matter jurisdiction.  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009).  The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").  When a court does not have subject matter jurisdiction, dismissal is mandatory.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

In order for this Court to exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, the Complaint must set forth a colorable claim under the United States Constitution, a federal statute or under a treaty of the United States.  *See* 28 U.S.C. § 1331.  Federal courts may also exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367(a).  However, 28 U.S.C. § 1367(c)(3) also gives

federal courts discretion to "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).   The Supreme Court has also noted that the decision to retain jurisdiction over pendent state law claims is within a trial court's discretion, and is "not [a matter of] plaintiff's right."  *Gibbs*, 383 U.S. at 726. *See also Carnegie Mellon University v. Cohill*, 484 U.S. 343, 357 & n. 7 (1988) (recognizing nonmandatory rule that where all federal claims are dismissed, district court should dismiss all state claims as well).  The *Gibbs* Court directed that:

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* (citations and footnotes omitted); *see also Grace v. Rosenstock*, 228 F.3d 40, 55 (2d Cir. 2000) (discussing policy reasons for dismissing pendent state law claims after federal claim has been dismissed).

A claim of fraud in the inducement requires: (i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation; and (iv) resulting damages.  *Johnson v. Nextel Commu'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011). "In addition, the plaintiff must allege specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue."  *Id*.  A party alleging a fraudulent inducement claim under New York law must also "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."  *Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir. 1996); *see also Wall v.*

*CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) ("[G]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support a fraud claim.").

## LEGAL ARGUMENT

### POINT I

### THE DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THE STATE OF NEW YORK

This Court does not have personal jurisdiction over the individual Defendants and Defendant Dan's Detailing. First, Plaintiff's Complaint fails to make a prima facie showing that the Defendants are subject to general jurisdiction in New York pursuant to C.P.L.R. § 301. The Plaintiff has provided no factual support establishing that the Defendants, who are residents of Florida and/or domiciled in Florida, "engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *Landoil Res. Corp.*, 918 F.2d at 1043. Moreover, the Plaintiff has failed to make a prima facie showing that the Defendants are subject to specific personal jurisdiction in New York, pursuant to C.P.L.R. § 302(a)(1), which allows a court to exercise personal jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state," so long as "the claim asserted ... arise[s] from that business activity," *Licci*, 732 F.3d at 168.

As noted above, this Court can consider affidavits when the jurisdictional facts are in dispute, including affidavits from a defendant that controvert the allegations in the Complaint. *See GlaxoSmithKline*, 2019 WL 293329, at *3; *Jonas*, 116 F.Supp. 3d at 323. Here, the Affidavits of the individual Defendants demonstrate that none of the aforementioned criteria for

general or specific personal jurisdiction over the Defendants are present.  *See* Searle Decl., Ex. A, Ex. B, & Ex. C (Doc. 23).

Although the Plaintiff has alleged that the contract at issue contained a forum selection clause designating New York as the appropriate venue for any disputes, Doc. 2 at ¶ 2, nothing in the terms of the contract references Defendants Loriann Plante, Lindsey Plante, and Dan's Detailing, nor does the contract provide any indication that the forum selection clause would apply to them.  *See* Doc. 2 Ex. 7; *see also* Searle Decl., Ex. B & Ex. C (Doc. 23).  In *Bell v. Koss*, No. 17-CV-7762(AT), 2020 WL 4570439 (S.D.N.Y. Aug. 7, 2020) (*Bell II*), the district court granted a defense motion to dismiss under Rule 12(b)(2), after concluding that the defendants were not named in the contract at issue, and were, therefore, not subject to the forum selection clause in the contract.  *Bell II*, 2020 WL 4570439, at *3.  *Bell II* involved a strikingly similar breach of contract action filed by the very same Plaintiff who filed the Complaint in the instant lawsuit presently before this Court.  Based on *Bell II*, the Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Defendants Loriann Plante, Lindsey Plante, and Dan's Detailing.

Further still, the Affidavit of Defendant Daniel Plante establishes that he too was not a party to the contract at issue, and that his signature on the contract was a forgery.  Searle Decl., Ex. A (Doc. 23).  Thus, the forum selection clause in the contract does not apply to Defendant Daniel Plante either.  This Court can consider Defendant Daniel Plante's Affidavit because jurisdictional facts remain in dispute.  Moreover, a forum selection clause is not enforceable where, *inter alia*, "its incorporation was the result of fraud or overreaching."  *Martinez*, 740 F.3d at 228.  Defendant Daniel Plante's Affidavit establishes that the entire contract, including the forum selection clause, was the product of a fraud, i.e., the forging of his signature on the

document by someone else.  Based on the foregoing, this Court should grant the Defendants'
motion to dismiss under Rule 12(b)(2), as personal jurisdiction over the Defendants is lacking.

## POINT II

## THE FIRST, SECOND, AND THIRD CAUSES OF ACTION ARE BARRED BY THE RELEVANT STATUTES OF LIMITATIONS

As noted above, the applicable statute of limitations for the Plaintiff's breach of contract
claims (the Plaintiff's first and second causes of action) is four years, which accrued on the date
of the tender of delivery.  *See Fargas v. Cincinnati Mack, LLC*, 986 F.Supp. 2d 420, 426
(S.D.N.Y. 2013); N.Y. U.C.C. § 2–725(1).  Here, the Plaintiff has alleged that he tendered
delivery in May of 2016 and that the breach of contract, and repudiation occurred during that
same month and year.  Doc. 2 at ¶¶ 40-46, 95-96, 102-103.  The Plaintiff's Complaint was not
filed until June 12, 2020, which was past the four-year statute of limitations set forth in the New
York U.C.C., which applies to the Plaintiff as he has admitted that he is a U.C.C. merchant.
Doc. 2 at ¶ 3.

Similarly, the statute of limitations for the RICO claim (the Plaintiff's third cause of
action) was four years from the date that the Plaintiff discovered or should have discovered the
RICO injury.  *See Agency Holding Corp.*, 483 U.S. at 156–57; *In re Merrill Lynch*, 154 at 58.
Analyzing the applicable time period requires a two-step process.  The first step is to determine
when the alleged injury occurred. The Court then must determine the date when the Plaintiff
discovered or should have discovered the injury, which began the four-year limitations period.
*Id.* at 59.  Because the Plaintiff filed his Complaint on June 12, 2020, the issue is whether he
discovered or should have discovered his alleged RICO injury on or before June 12, 2016.
Based on the chronology set forth in the Plaintiff's Complaint, Doc. 2 at ¶ 40-46, 95-96, 102-
103, the Plaintiff's own allegations have established that he was put on notice of the Defendants'

alleged misconduct prior to June 12, 2016, which is beyond the four-year time period necessary to bring a RICO claim.

Notably, the Plaintiff is a serial litigant with a "history of abusing the process of this and other courts by repeatedly filing actions based on the same allegations." *See Bell v. Hubbert*, No. 95–CV–10456, 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007) (*Bell III*).  Many of the Plaintiff's lawsuits have been summarily dismissed.  *See Bell v. United Auto Group. Inc.*, No. 05–2262(FLW), 2006 WL 231572 (D.N.J. Jan. 30, 2006); *Bell v. Hesser*, No. 4:CV-05-1825, 2006 WL 1455749 (M.D. Pa., May 23, 2006); *Bell v. Gordon*, No. 05-CV-2163(NRB), 2005 WL 2087822 (S.D.N.Y. Aug. 30, 2005).  Thus, the Plaintiff is no stranger to the statute of limitations and knew or should have known when his various causes of action accrued.  Because the Plaintiff failed to timely file suit for the breach of contract and RICO claims, these causes of action should be dismissed as time-barred.

## POINT III

### THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS

Even if the Plaintiff overcomes the personal jurisdiction and statute of limitations arguments set forth above, the Complaint must still be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Plaintiff fails to state a cause of action upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).

*1.     Breach of Contract Claims*

First, as noted above, the Plaintiffs' allegations fail to demonstrate the existence of a contract between the Plaintiff and the Defendants.  Specifically, the Plaintiff's own allegations fail to establish that Defendants Loriann Plante, Lindsey Plante, and Dan's Detailing were a party to any contracts referenced in the Plaintiff's Complaint.  Therefore, the breach of contract

claims against these Defendants (the first and second causes of action) should be summarily dismissed as to these Defendants.  Similarly, Defendant Daniel Plante's affidavit establishes that he did not enter into a written or oral agreement with the Plaintiff.  Searle Decl., Ex. A (Doc. 23).

2.    *RICO Claim*

As the following discussion demonstrates, the Complaint fails to state a RICO claim for multiple reasons. Such a comprehensive failure is predicated on the fact that the Plaintiff has attempted to invoke federal jurisdiction by characterizing a single failed sales transaction between two individuals as a RICO conspiracy.

A.    *Enterprise*

The first ground for dismissing the RICO claim under Rule 12(b)(6) is based on the Plaintiff's failure to establish a RICO enterprise.  To establish a Civil RICO claim, a plaintiff must show the conduct of an enterprise through a pattern of racketeering activity, and that the RICO violation caused injury to business or property.  *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). A RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

Courts have held that the RICO law requires an organization or structure beyond that which is necessary to commit the racketeering acts themselves.  *United States v. Turkette*, 452 U.S. 576, 583 (1981); *Boyle v. United States*, 556 U.S. 938, 945-946 (2009). That is, the enterprise must be separate from the pattern of racketeering activity.  *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 173 (2d Cir. 2004). "If the sole purpose of the alleged enterprise is to perpetuate the alleged fraud, there can be no enterprise for RICO purposes."

*Atkins v. Apollo Real Estate Advisors, L.P.*, No. CV-05-4365 (CPS)(CLP), 2008 WL 1926684, at *15 (E.D.N.Y. Apr. 30, 2008) (citing *Goldfine*, 118 F.Supp.2d at 401).

"Defendants alleged to be members of the enterprise unit must 'share a common purpose to engage in a particular fraudulent course of conduct' and work together to achieve their goal." *See First Capital Asset Mont. Inc.*, 385 F.3d at 174. When a complaint alleges an association−in−fact enterprise, courts consider the "hierarchy, organization, and activities" of the association to determine whether "its members functioned as a unit." *Id.* (citations and quotation marks omitted).

As a preliminary matter, the Complaint consistently asserts allegations against the Defendants based on the Plaintiff's "information and belief." "Although it is true that matters peculiarly within a [party's] knowledge may be pled "on information and belief," this does not mean that those matters may be pled lacking any detail at all." *Id.* at 180. (citing *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). Instead, "the allegations must be accompanied by a statement of the facts upon which the belief is based." *DiVittorio*, 822 F.2d at 1247. The Plaintiff's Complaint consistently fails to offer any such facts.

Moreover, the Complaint presents only conclusory assertions, rather than facts, supporting the tenet that the Defendants were a RICO enterprise. The Plaintiff pleads no facts indicating that the Defendants had an organization or structure beyond the commission of the acts they allegedly engaged in. After raising various allegations against Defendant Daniel Plante, the Plaintiff then attempts to create the existence of a RICO enterprise by alleging that Mr. Plante's wife, daughter and an entity, Dan's Detailing, were all a part of the purported enterprise. The Complaint offers no evidence whatsoever of an ongoing organization whose participants functioned as a continuing unit. Rather, the Complaint alleges that the individual

15

Defendant "easily coordinated their artifice, and scheme to defraud the Plaintiff through the convenience of sharing the same residence address." Doc. 2 at ¶ 151.   As to the role of Defendant Dan's Detailing, the Plaintiff merely claims that it was a company that provided economic benefit to the Plante family.   Doc. 2 at ¶ 65. Thus, the Plaintiff has failed to present facts establishing the structure or hierarchy of the alleged enterprise.

The basis for the Plaintiff's failure is apparent. In the end, the Complaint reflects a misguided attempt to generate a RICO enterprise from an aborted sale between a single seller and buyer. The Plaintiff's RICO claim is particularly troubling since it has included the purchaser's wife and daughter in the Complaint solely to create a RICO enterprise.

### B.   Conduct

For RICO purposes, the presence of an enterprise is not enough, as the Plaintiff must also show that the enterprise conducted its affairs through a pattern of racketeering. *Reves v. Ernst & Young*, 507 U.S. 170, 177–79 (1993).   According to the Supreme Court, the statute requires that the RICO defendant participated "in the operation or management of the enterprise." *Id.* at 185. "Under this standard, a person may not be held liable merely for taking directions and performing tasks that are "necessary and helpful to the enterprise," or for providing "goods and services that ultimately benefit the enterprise." *Flexborrow LLC v. TD Auto Finance LLC*, 255 F.Supp. 3d. 406, 415 (E.D.N.Y. 2017) (citation omitted).   Instead, "the RICO defendant must have played 'some part in directing [the enterprise's] affairs.'" *Id.* (citation omitted); *see also Reves*, 507 U.S. at 179 (stating that a defendant must have had "some part in directing [the enterprise's] affairs").   Additionally, a plaintiff must plead that each defendant participated in the "operation or management" of the enterprise. *Id.* at 175–76.   Operation and management require

a showing that each had "some part" in "directing the affairs of the enterprise." *Id.* at 179; *see also DeFalco v. Bernas*, 244 F.3d 286, 309 (2d Cir. 2001).

The Plaintiff has failed to plead, let alone demonstrate, facts showing that each of the individual Defendants took some part in directing the affairs of a RICO enterprise.  Instead, the Plaintiff provides conclusory statements, without factual support, that Defendants Loriann Plante and her daughter, Lindsey Plante, played "active roles" in the scheme and that Defendant Dan's Detailing played a "critical role."  Doc. 2 at ¶¶ 6-8.  As previously noted, the critical role that Defendant Dan's Detailing played was limited to merely providing economic benefits to the individual Defendants who were a family.  The critical roles of Defendants Loriann Plante and Lindsey Plante consisted of merely sending or having access to a facsimile number, and refusing to accept mail from the Plaintiff.  Doc. 2 ¶¶ 71-72, 88.  The attenuated and threadbare nature of the allegations against these Defendants establishes that the Plaintiff has not only failed to demonstrate the existence of a RICO enterprise, but also that the members participated in the conduct of its affairs.

### C.   Pattern

Another substantial deficiency in the Complaint is its failure to show the required pattern of racketeering activity.  "The pattern of racketeering activity must consist of two or more predicate acts of racketeering."  18 U.S.C. § 1961(5).  As noted above, the RICO statute defines "racketeering activity" as certain enumerated crimes, including mail fraud and wire fraud. 18 U.S.C. § 1961(1)(B).  Because this case involves a single sales transaction, the Complaint fails to allege two legitimate predicate acts of racketeering.  In the Complaint, the Plaintiff claims that the Defendants committed five predicate acts including: two incidents of wire fraud; as well as single incidents of criminal fraud *per se*; misappropriation of a trade secret; and mail fraud. As

pled in the Complaint, these five purported offenses do not constitute RICO predicates.  Doc. at ¶ 92.

The Plaintiff asserts that the Defendant Daniel Plante committed the first predicate of wire fraud in responding to the Plaintiff's eBay advertisement, which offered the sale of the luxury vehicle.  Doc. 102 at ¶ 113. The Plaintiff states that Defendant Daniel Plante committed wire fraud "by using the eBay message on eBay with foreknowledge, and intent to initiate the artifice to defraud the Plaintiff of consideration by providing a valued service." *Id.* Assuming, *arguendo*, that merely responding to an internet advertisement for a single sales transaction constitutes wire fraud, the problem with this conclusory statement is two-fold.  First, the Defendant could not have any foreknowledge since the Complaint does not allege any facts establishing that the Plaintiff had prior dealings or interaction with the Plaintiff, let alone knowledge of the circumstances concerning the latter's interest in the car. Moreover, the Complaint indicates that the only person who potentially committed fraud was the Plaintiff himself, since he was not offering his services, but rather the sale of a car he did not own.

The Complaint alleges that the second act of wire fraud was premised on Defendant Daniel Plante's use of the "telephone lines, cables, fiber optic cables, or other data transmission technology" to send the alleged signed contract and to receive the "buyer's order/purchase agreement/bill of sale/contract."  Doc. 2 at ¶ 123.  The Complaint further alleges that the fifth predicate of mail fraud involved the Defendants refusal to accept the Plaintiff's letters.  Doc. 2 at ¶¶ 137-143.  A plaintiff alleging mail or wire fraud must plead that the defendants engaged in "(i) a scheme to defraud (ii) to get money or property, (iii) furthered by the use of interstate mail or wires."  *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000).  In addition, a complaint alleging mail or wire fraud must allege both that the defendant acted with scienter (i.e.

knowingly participated in the scheme), and that the misrepresentations were material.  *Id.*; *see also S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996). The crux of mail and wire fraud is the "intent to defraud."  *United States v. Bouyea*, 152 F.3d 192, 194 (2d Cir. 1998).

The Plaintiff's allegations fall woefully short of pleading mail or wire fraud.  The Plaintiff has failed to demonstrate that any of the Defendants acted with the requisite scienter or with an "intent to defraud."  Moreover, there has been no showing that the Defendants engaged in material misrepresentations.  In fact, the Defendants were up front and honest with the Plaintiff when Defendant Daniel Plante informed the Plaintiff's associate that the Defendant was pursuing another vehicle from a dealership unassociated with the Plaintiff. *See* Doc. 2 at ¶ 41. Further still, a breach of contract, without more, does not amount to actionable wire or mail fraud. *See, e.g*, *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F.Supp. 276, 282 (S.D.N.Y. 1991); *Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*, 160 F.Supp. 36, 44 (D.D.C. 2001).  At best, the Plaintiff has merely raised "allegations centered around a business dispute involving a breach of contract," which were "embellished . . .  by setting forth the contents of various documents, correspondence, telefaxes, [and] telephone calls." *Zaro Licensing, Inc.*, 779 F.Supp. 276, 282.  Such allegations fail to establish mail or wire fraud and do not support the existence of a RICO scheme.  *Id.*

The Complaint's third predicate of "criminal fraud *per se*" is not a listed RICO predicate. *See* 18 U.S.C. § 1961; *Shams*, 107 F.Supp. 2d at 273.  The Complaint's allegation concerning the predicate act of misappropriation of a trade secret is similarly deficient. The Plaintiff claims that the Defendants committed the criminal offense of misappropriation under the "Defend [sic] Secrets Act of 2016."  Doc. 2 at ¶ 130.  However, a violation of this Act is not a criminal offense

as the Act only provides for a civil remedy, nor is a violation of this Act listed as "racketeering activity" in the RICO statute. *See* 18 U.S.C. § 1836; 18 U.S.C. § 1961(1).

> D.   *Continuity*

A plaintiff must establish that predicate acts pose a threat of, continuing criminal activity. *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997). "Predicate acts are 'related' for RICO purposes when they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Id.* (internal citations omitted).

The complaint fails to establish the "continuity plus relationship" required to establish a pattern of racketeering. *Sedima v. Imrex*, 473 U.S. 479, 496 (1985). To establish the pattern of racketeering, the Plaintiffs must establish continuity plus relationship and the threat of continued criminal activity. *Id.*; *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 244 (1989). Continuity cannot be established by a single victim or a single scheme. *See Menasco v. Wasserman*, 886 F.2d 681 (4th Cir. 1989). "Continuity" can be demonstrated by showing a "closed-ended" pattern—a series of related predicate acts extending over a substantial time period. *H.J. Inc.*, 492 U.S. at 242 (concluding that closed-ended continuity requires "a series of related predicates extending over a substantial period of time"). The Second Circuit has never found that activity continuing for less than two years is substantial under this rule. *See Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999).

Continuity can also be established by an "open-ended" pattern of racketeering that threatens criminal conduct beyond the period of predicate acts. *H.J. Inc.*, 492 U.S. at 242. Open-ended continuity does not require a substantial temporal showing, but requires a plaintiff to show a threat of ongoing criminal activity beyond the period in which the predicate acts were

committed.  *See Cofacredit*, 187 F.3d at 242. That the Plaintiff has not recovered a contractual loss, for example, is insufficient to prove the threat of future criminal acts by the defendants. *Perlman v. Zell*, 185 F.3d 850, 853 (7th Cir. 1999) ("breach of contract is not fraud, and a series of broken promises therefore is not a pattern of fraud. It is correspondingly difficult to recast a dispute about broken promises into a claim of racketeering under RICO.")

The Complaint fails to establish the requisite continuity. The Plaintiff has not provided any facts establishing that the Defendants pose a future threat of criminal activity.  Indeed, the Plaintiff alleges that he was the sole victim of a single failed sales transaction, which at most occurred over a few weeks.  Thus, the Plaintiff has failed to demonstrate a "closed-ended" pattern occurring over a substantial period of time, nor has the Plaintiff sufficiently demonstrated an "open-ended" pattern of racketeering that threatens criminal conduct beyond the period of predicate acts.  At most, the Plaintiff has alleged a series of broken promises, which is insufficient to plead a claim of racketeering under RICO.  *See Perlman*, 185 F.3d at 853.

Lastly, another court in the Southern District of New York has dismissed frivolous RICO claims brought by this same Plaintiff.  *See Bell III*, 2007 WL 60513, at *4-5.  Based on the foregoing, this Court should do likewise and dismiss the Plaintiff's RICO claim.

### 3.       Fraud In The Inducement Claim

The Plaintiff's Complaint also fails to satisfy the elements of fraud in the inducement, which include: (i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation; and (iv) resulting damages. *Johnson*, 660 F.3d at 143.  Specifically, the Plaintiff has failed to "allege specific facts as to the fraud, including the misleading statements, speaker, time, place, individuals involved, and specific conduct at issue." *Id*.  At most, the Plaintiff has pled "general allegations that defendant entered

into a contract while lacking the intent to perform" which is "insufficient to support a fraud claim." *Wall*, 471 F.3d at 416.

## POINT IV

## THE COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

If the Court grants the motion to dismiss the Plaintiff's RICO claim, the Court should also dismiss the remaining causes of action in the Complaint, as there would be no remaining "federal question" jurisdiction over this action.   *See* 28 U.S.C. § 1367(c)(3); *The Jordan (Bermuda) Inv. Co., Ltd.*, 154 F.Supp. 2d at 690 (dismissing the pendent state law claims for lack of subject matter jurisdiction since the RICO counts were dismissed for failure to state a claim).

## POINT V

## THE COMPLAINT SHOULD BE DISMISSED AS "FACTUALLY FRIVOLOUS" AND PLAINTIFF SHOULD NOT BE PERMITTED TO REPLEAD

The Plaintiff's complaint is "factually frivolous" because the sufficiently well-pleaded facts are "clearly baseless"—that is, they are "fanciful," "fantastic," or "delusional."   *See Denton*, 504 U.S. at 32-33; 28 U.S.C. § 1915(e)(2)(B)(i).   Further, because "it is clear from the face of the complaint that the Court does not have subject matter jurisdiction over the complaint and the claims are frivolous[,]" this Court should dismiss the Complaint and not grant the Plaintiff the opportunity to amend the Complaint."   *Arutyunyan*, 2017 WL 6611321, at *2.

## **CONCLUSION**

Based on the foregoing, the Court lacks personal jurisdiction, the Plaintiff's breach of contract claims and his RICO claim are time-barred, the Plaintiff has failed to state any legally cognizable claims against the Defendants, and this Court is lacking in subject matter jurisdiction. Accordingly, the Complaint should be dismissed in its entirety.

Respectfully submitted,

*/s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
New York Bar No.  4495149
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendants Daniel Plante, Loriann Plante, Lindsey Plante, Dan's Detailing*

23

<u>**CERTIFICATE OF COMPLIANCE**</u>

I HEREBY CERTIFY that this Memorandum of Law consists of 6,995 words (excluding the cover page, certification of compliance, table of contents, and table of authorities) and complies with the formatting rules required by this Court.

<u>*/s/ Andrew C. Searle*</u>
**ANDREW C. SEARLE, ESQ.**
New York Bar No.  4495149
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendants Daniel H. Plante,*
*Loriann Plante, Lindsey Taylor Plante,*
*Dan's Detailing*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on November 13, 2020, I filed a copy of the foregoing with the Clerk of the Court via the CM/ECF system. I further certify that the foregoing was mailed via U.S. Mail to *Pro Se* Plaintiff Renzer Bell at 5736 Cleveland Road, Jacksonville, FL 32209.

*/s/ Andrew C. Searle*
**ANDREW C. SEARLE, ESQ.**
New York Bar No.  4495149
Florida Bar No. 0116461
**SEARLE LAW P.A.**
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-203-3715
Email: andrew@searle-law.com
*Attorney for Defendants Daniel H. Plante,*
*Loriann Plante, Lindsey Taylor Plante,*
*Dan's Detailing*